LOTTINGER, Judge.
This is a suit by the Succession of Fannie W. Franklin for a partition by licitation of immovable property. From a judgment sustaining the peremptory exception raising the objection of prescription, plaintiff appeals.
FACTS
The Succession of Fannie W. Franklin, through its administratrix Thelma D. Carter, alleges that it owns an undivided one-third (½) interest in and to the following described property:
A lot of ground with the buildings and improvements thereon in the Parish of East Baton Rouge, Louisiana, (formerly) in the Third Ward thereof in that subdivision known as SUBURB NORTH BATON ROUGE, and designated according to the plan thereof made by L.Q. Huey, C.E. on file in the office of the Clerk and Recorder of said Parish, as LOT SEVEN (7), of BLOCK EIGHTEEN (18), fronting Forty (40) feet on the South side of Cardinal (formerly 7th Street) Street, by a depth between parallel lines of One Hundred Twenty (120') feet; being the same property acquired by Dorothy Miller, in Probate Proceedings # 36607 and the Act of Cash Sale appearing of record in C.O.B. 2746, Folio 14, of the office of the Clerk of Court and Recorder in and for the Parish of East Baton Rouge, State of Louisiana.
It is further alleged that the defendant, Cherry L. Beverly, is the owner of the other undivided two-thirds (%) interest. General allegations are also made that plaintiff no longer desires to be a co-owner *439 of the property, and that the property cannot be divided in kind.
TRIAL COURT
Defendant filed the peremptory exception raising the objection of prescription based on La.R.S. 9:5630. Though not forming part of the record, facts are presented in brief that several alleged heirs of the deceased were not recognized in the succession proceeding nor in the judgment of possession. Subsequent thereto defendant ultimately purchased the above described property. The alleged heirs apparently filed suit and had the original judgment of possession vacated.
I
In appealing, the plaintiff contends for several reasons that the trial court was in error in sustaining the peremptory exception. We agree.
La.R.S. 9:5630 was added as a statute by Act 721 of 1981. Subsequently, paragraph B of 5630 was amended in 1982 and 1984.
La.R.S. 9:5630 A provides:
An action by a person who is a successor of a deceased person, and who has not been recognized as such in the judgment of possession rendered by a court of competent jurisdiction, to assert an interest in an immovable formerly owned by the deceased, against a third person who has acquired an interest in the immovable by onerous title from a person recognized as an heir or legatee of the deceased in the judgment of possession, or his successors, is prescribed in two years from the date of the finality of the judgment of possession.
Section 5630 A is clear and unequivocal and is intended to apply against “a person who is a successor of a deceased person, and who has not been recognized as such in the judgment of possession.” In the case sub judice, the succession of the deceased person is the plaintiff and not a person claiming to be a successor of the deceased and who was not recognized in a judgment of possession. Obviously, the succession of the deceased would not be recognized as an heir in the judgment of possession.
Thus, we must conclude that La.R.S. 9:5630 was never intended to be operative under the facts of this case.
II
Therefore, the judgment appealed is reversed and remanded for further proceedings. All costs of this proceeding are assessed to defendant-appellee.
REVERSED AND REMANDED.
EDWARDS, J., concurs in the result.